UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID OJEDA-SANCHEZ, et al., and all others similarly situated,

Plaintiffs,

v.  608CV096

DELBERT C. BLAND, et al.,

Defendants.

## ORDER

Before the Court is "Plaintiffs' Objection to March 10 Order of Magistrate Judge." Doc. # 204. On 3/10/10, the Magistrate Judge ("MJ") denied Plaintiffs leave to file an out-of-time response to Defendants' motion to exclude the opinion testimony of Mr. Jorge J. Rivero, doc # 176. Doc. # 200.

Rule 6(b) of the Federal Rules of Civil Procedure provides that when a motion for extension of time is made after a deadline has expired, the court may grant an extension "if the party failed to act because of excusable neglect." F.R.Civ.P. 6(b)(1)(B). Excusable neglect is determined by assessing factors including: "the danger of prejudice to the [nonmovant], the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 997-98 (11th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). It is well-established in the Eleventh Circuit that "attorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline." *Id.* at 998. Conversely, delays may be excused if they are attributable to miscommunication, clerical error, or other innocent oversight *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1201-02 (11th Cir. 1999).

Here, Plaintiffs' counsel claims to have "erred [by] calendaring the motion with the same response date as the parties' responses to cross motions for summary judgment." Doc. # 204 at 2. Although there is no evidence of prejudice to the defendants nor any evidence of bad faith, a finding of excusable neglect in this case is not warranted. Plaintiffs have not submitted any fact in support of a finding that the neglect of counsel in miscalendaring was indeed excusable. While it is certainly possible that Plaintiffs' counsel simply misrecorded the otherwise properly calculated response date,[1] it is equally possible that counsel failed to observe or misunderstood Local Rule 7.5,[2] a mistake that is not necessarily excusable. *See Advanced Estimating Sys., Inc.*, 130 F.3d at 997 (not excusable neglect when lawyer failed to read and understand federal rules and mistakenly believed he had ten days from receiving notice of the entry of judgment to file post-trial motions).

Without additional facts demonstrating that some sort of miscommunication or clerical error did indeed occur, the MJ appropriately denied Plaintiffs leave to file an out-of-time response. Doc. # 200; *see Walter*, 181 F.3d at 1202 (excusable neglect when former secretary failed to record applicable

---

[1] The Court is not even convinced that this error is excusable since CM/ECF correctly notes that responses were "due by 2/16/2010." Plaintiffs' counsel could have caught and corrected his mistake each time he logged into the Court's filing system.

[2] "[E]ach party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion, except that in cases of motions for summary judgment the time shall be twenty-one (21) days after service of the motion. Failure to respond within the applicable time period shall indicate that there is no opposition to a motion." S.D.GA.LOC.CIV.R. 7.5.

deadline); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (excusable neglect when miscommunication caused both attorneys to erroneously assume that demand for trial *de novo* had been filed by the other).

For the foregoing reasons, the MJ's Order denying Plaintiffs' motion for leave to file an out-of-time response is ***AFFIRMED***. Doc. # 200. Plaintiffs' untimely response in opposition to Defendants' motion to exclude the opinion testimony of Mr. Rivero will not be considered by the Court going forward. Doc. # 185. Defendants' motion to strike Plaintiffs' response is ***DENIED AS MOOT***. Doc. # 201.

This day of 29 April 2010

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA