UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID OJEDA-SANCHEZ, et al., and all others similarly situated,

Plaintiffs,

v.            608CV096

DELBERT C. BLAND, et al.,

Defendants.

## ORDER

Before the Court is Plaintiffs' motion "to strike or deem admitted specific paragraphs of Defendants' answer to second amended complaint." Doc. # 181; *see* F.R.Civ.P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."). Plaintiffs' Second Amended Complaint, filed on 1/20/10, added forty-seven opt-in plaintiffs to Counts II, III, and VI of the First Amended Complaint. Doc. # 119. Defendants filed an answer to Plaintiffs' Second Amended Complaint (Defendants' "Third Answer") on 1/27/10. Doc. # 137. When compared with their answer filed in response to Plaintiffs' First Amended Complaint (Defendants' "Second Answer"), doc. # 58, Defendants' Third Answer changed or retracted a number of admissions, many of which pertained to Defendants Delbert Bland and Michael Hively's status as employers pursuant to the Fair Labor Standards Act.[1] [2]

*Compare* doc. # 137 at ¶¶ 15, 16, 29, 32, 34, 36, 38, 40, 42, 44, 47, 49, 52, 54, 56-64, 66, 91-93, 97, 98, 100-101 (Third Answer), *with* doc. # 58 at ¶¶ 23, 24, 37, 38, 40, 42, 44, 46, 48, 50, 53, 55, 57, 59, 61-69, 71, 96-98, 102, 103, 105, 106 (Second Answer). The Court must consider whether these changes were permissible pursuant to the Federal Rules.

As a general rule, an amended complaint under the Federal Rules will supersede the original complaint. *Brown v. E.F. Hutton & Co., Inc.*, 610 F. Supp. 76, 78 (S.D. Fla. 1985). "When a plaintiff files an amended complaint which changes the theory or scope of the case, the [d]efendant is allowed to plead anew as though it were the original complaint filed by the [p]laintiff." *Id.* In *Brown*, the district court reasoned that the defendant was entitled to a "fresh start" where the original complaint alleged damages suffered as a result of one transaction, and the amended complaint alleged the mismanagement of an entire account. *Id.*

Defendants in this case "maintain that the conditional certification of this suit as a collective action and Plaintiffs['] subsequent Second Amended Complaint which added claims being made on behalf of [forty-seven] additional [opt-in] Plaintiffs obviously resulted in a broadening of the scope of this case." Doc. # 208 at 2. Plaintiffs, meanwhile, contend that "Defendants misstate the law when they claim, without any explanation, that Plaintiffs broadened the scope of the case by joining additional workers to the contract claims. Scope in this context refers to an expansion of the underlying factual allegations or the causes of action, not the number of parties where those parties' claims and the

---

[1] Paragraphs 52, 54, 56-64 of the Third Answer withdrew prior admissions related to contractual terms, stating that "[t]he contracts speak for themselves and the allegations ... are denied to the extent they conflict with the contracts referred to herein." Doc. # 137.

[2] The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).

Corporate officers with operational control of a corporation's covered enterprise is an employer if the officer is involved in the company's day-to-day operation or has some direct responsibility for supervision of the employee. *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008).

factual basis of their claims are the same as existing parties." Doc. # 219 at 1. The Court agrees with Plaintiffs. The addition of opt-in plaintiffs to this litigation did not change the scope of Plaintiffs' Complaint. Absent a change in the theory or scope of this case, Defendants needed this Court's permission to amend its Second Answer and withdraw admissions previously made in that answer.

The issue then is whether the Federal Rules permit Defendants to amend their pleadings in this way. When a litigant is unable to amend as a matter of course, he may "amend [his] pleading only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." F.R.Civ.P. 15. Rule 15 "evinces a bias in favor of granting leave to amend" and "permit[s] liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981); *see Foman v. Davis* 371 U.S. 178, 182 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules"). Reasons that might justify denial of permission to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party." *Dussouy*, 660 F.2d at 598.

Although Defendants here have not acted in bad faith, the Court will not allow Defendants to retract the admissions made in their Second Answer. Judicial admissions, such as formal concessions in pleadings, "provide notice to all litigants of the issues remaining in dispute, identify those that can be eliminated from the case and those that cannot be, narrow the scope of discovery to disputed matters and thus reduce trial time." *Banks v. Yokemick*, 214 F. Supp. 2d 401, 405-06 (S.D.N.Y. 2002); *see Cooper v. Meridian Yachts, Ltd.*, 575 F.3d 1151, 1178 (11th Cir. 2009) ("[F]acts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them."). Plaintiffs relied on Defendants' admissions during the discovery period, which ended on 11/12/09. *See* doc. # 86 (Order extending discovery deadline). Allowing Defendants to withdraw those admissions now will unduly prejudice Plaintiffs as they will be unable to further inquire into Bland and Hively's status as FLSA employers.[3] Defendants effectively played possum on the issue for over a year, and they should not be allowed to revive that issue on the very day that summary judgment motions were due.[4]

Lastly, Plaintiffs move the Court to have paragraphs 21 and 23-28 of Defendants' Third Answer deemed admitted as violative of Rule 8, which requires a party to "admit or deny the allegations asserted against it." F.R.Civ.P. 8(b). Unlike the other changes made by Defendants in their Third Answer, these changes did not result in an outright withdrawal of a prior admission. *Compare* doc. # 137 at ¶ 25 ("The contracts speak for

---

[3] Defendants note that Plaintiffs have already deposed Bland and Hively and thus inquired into their status as FLSA employers. Doc. # 208 at 4-5. Be that as it may, it is unclear the extent of discovery Plaintiffs would have pursued had they not relied upon the admissions in Defendants' Second Answer.

[4] This does not necessarily mean that Bland and Hively were actually FLSA employers. The Court will resolve that issue when it addresses Defendants' motions for summary judgment. Doc. ## 143-145.

2

themselves and the allegations of Paragraph 25 are denied to the extent they conflict with the contracts referred to herein."), *with* doc. # 58 at ¶33 ("The allegations of Paragraph 33 are a mere statement of law and not of fact and do not require an answer. To the extent an answer is required, ... the allegations of paragraph 33 are denied...."). While the Defendants deny Plaintiffs' allegations in a roundabout way, they are denials nonetheless. Paragraphs 21 and 23-28 are not admissions, and the Court will not treat them in that way.

For the foregoing reasons, Plaintiffs' motion to strike or deem admitted specific paragraphs is *GRANTED* in part and *DENIED* in part. Doc. # 181. The Court strikes paragraphs 15, 16, 29, 32, 34, 36, 38, 40, 42, 44, 47, 49, 52, 54, 56-64, 66, 91-93, 97, 98, 100-101 of Defendants' Third Answer. Doc. # 137. Going forward, paragraphs 23, 24, 37, 38, 40, 42, 44, 46, 48, 50, 53, 55, 57, 59, 61-69, 71, 96-98, 102, 103, 105, 106 from Defendants' Second Answer, doc. # 58, will take the place of the stricken paragraphs in the Third Answer. Plaintiffs' request to have paragraphs 21, and 23-28 deemed admitted is denied.

This day of 4 May 2010

*[signature]*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA