UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID OJEDA-SANCHEZ, et al., and all others similarly situated,

Plaintiffs,

v.  608CV096

BLAND FARMS, LLC; MICHAEL HIVELY, and DELBERT BLAND, individually,

Defendants.

## ORDER

Before the Court is Plaintiffs' motion to strike the supplemental declaration of Sharon Spell.[1] Doc. ## 195 (supplemental declaration), 222 (motion to strike). Plaintiffs contend that Ms. Spell's declaration is a sham affidavit because it "directly contradicts her prior deposition testimony without explanation." Doc. # 222 at 1.

Under the sham affidavit rule, "[w]hen a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Akins v. Fulton County, Ga.* 278 F. App'x. 964, 968 (11th Cir. 2008) (quoting *Van T. Junkins & Assocs. v. U.S. Indus.*, 736 F.2d 656, 657 (11th Cir. 1984)) (alteration in original). The sham affidavit rule is applied in limited circumstances, and, thus, "[e]very discrepancy contained in an affidavit does not justify a district court's refusal to give credence to such evidence." *Id.* (quoting *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986); *see Tippens*, 805 F.2d at 953-54 ("To allow every failure of memory or variation in a witness's testimony to be disregarded as a sham would require far too much from lay witnesses and would deprive the trier of fact of the traditional opportunity to determine which point in time and with which words the witness ... was stating the truth."). "The [C]ourt must be careful to distinguish 'between discrepancies which create transparent shams and discrepancies which create an issue of credibility or go to the weight of the evidence.'" *Akins*, 278 F. App'x at 968 (quoting *Tippens*, 805 F.2d at 953).

Here, Plaintiffs contend that "Ms. Spell's affidavit directly contradicts her prior deposition testimony where she testified [that] she did not consult with an attorney about the application of the *Arriaga* decision to Defendants' operations." Doc. # 222 at 2. In her supplemental declaration, Ms. Spell states:

> I consulted with Du[A]nn Davis[2] ... in May of 2003 regarding the need for additional documentation to be issued to employees that would ensure Bland Farms' compliance with issues brought by *Arriaga v. Florida-Pacific Farms*[, 305 F.3d 1228 (11th Cir. 2002)]. As a result of meeting with counsel, counsel developed the expense certification letter.... These forms have been used since May of 2003.

Doc. # 195 at 1-2. The Court agrees with Plaintiffs that Ms. Spell's supplemental declaration does appear to contradict her prior deposition testimony:

> Q: And do you remember having discussed [*Arriaga*] with anyone?
>
> A: No.

---

[1] Ms. Spell is the financial manager at Bland Farms. Doc. # 148 at 1.

[2] Ms. Davis is former general counsel for Bland Farms. Doc. # 234 at 2.

Q: Okay. Did you ever approach any attorneys to ask them how does this work, at our operations here at Bland Farms?

A: No.

...

Q: Okay. After you reviewed the *Arriaga* decision, did you take any action to make sure that Bland Farms was in compliance with it?

A: No.

Doc. ## 125-2 at 30; 125-3 at 1.

Defendants, however, have filed a second supplemental declaration for Ms. Spell "which clearly explains how she came to recall the information provided in her previous supplemental declaration." Doc. # 235 at 2. (Defendants' response to motion to strike). In her second supplemental declaration, Ms. Spell states:

> Following my deposition, I continued to think back on what had occurred and remembered having at some point interacted with DuAnn Davis ... with regard to the development and revision of the reimbursement form Bland Farms uses with its H[-]2A workers.

Doc. # 234 at 2. Defendants have attached to Ms. Spell's second supplemental declaration a 5/28/03 email from Ms. Davis. Doc. # 234-1. That email appears to be a draft version of the reimbursement form given to H-2A workers by Bland Farms, *id.*, evincing the notion that Ms. Spell may have indeed communicated with Ms. Davis concerning Bland Farms' compliance with *Arriaga*.

Because Defendants have adequately explained the contradiction between Ms. Spell's supplemental declaration and prior deposition testimony, there is no reason to fault Defendants for Ms. Spell's mistaken recollection. Accordingly, Plaintiffs' motion to strike the supplemental declaration of Sharon Spell is *DENIED.* Doc. # 222.

This day of 11 June 2010

*/s/ B. Avant Edenfield*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2