UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID OJEDA-SANCHEZ, et al., and all others similarly situated,

Plaintiffs,

v.                          608CV096

BLAND FARMS, LLC; MICHAEL HIVELY, and DELBERT BLAND, individually,

Defendants.

## ORDER

Before the Court is Plaintiffs' motion to strike the affidavits of Sloan Lott[1] and Clarke Yearous,[2] doc. ## 151, 152, and paragraph seven of the declaration of Sharon Spell,[3] doc. # 148 at 2. Doc. # 182. Plaintiffs contend that "Defendants failed to identify these witnesses in their initial or amended disclosures, or in response to interrogatories that asked Defendants to identify all witnesses with knowledge of the subjects of information testified to by Lott, Yearous, and Spell...." *Id.* at 1.

Rule 26 of the Federal Rules of Civil Procedure requires parties to exchange initial disclosures containing the identity of persons likely to have discoverable information along with the subjects of that information. F.R.Civ.P. 26(a)(1). Rule 26(e), moreover, requires the parties to supplement their 26(a) disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.*" F.R.Civ.P. 26(e)(1)(A) (emphasis added).

The Advisory Committee Notes to the 1993 Amendment to Rule 26(e) provide that there is "no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, as when a witness not previously disclosed is identified during the taking of a deposition...." *See also* 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2049.1 (3d ed. 2010) ("[T]here is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery.").

"If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." F.R.Civ.P. 37(c)(1). The non-disclosing party has the "burden of establishing that a failure to disclose was substantially justified or harmless." *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 825 (11th Cir. 2009).

Here, it is undisputed that Defendants did not identify Messrs. Lott or Yearous in their initial or amended Rule 26 disclosures. It is also undisputed that Messrs. Lott and Yearous were at least mentioned by name in depositions. Doc. # 182 at 4 ("Lott, Yearous, and Wicker were mentioned in depositions...."). Plaintiffs, however, contend that "their mention was extremely limited and never indicated that they had knowledge [that]

---

[1] Mr. Lott is presently an employee of Bland Farms. He served as the company's "Operation Manager" from 2000 to 2002. Doc. # 151 at 1.

[2] Mr. Yearous served as Bland Farm's "Chief Operation Officer" from 2001 until 2002. Doc. # 152 at 1.

[3] Ms. Spell is the financial manager at Bland Farms. Doc. # 148 at 1.

Defendants intended to rely on in this suit." Doc. # 182 at 4. Relying on an opinion from the Southern District of New York, Plaintiffs suggest that the identity of an individual with discoverable information is not sufficiently made known to other parties unless there is "direct discussion [at deposition] of an individual's role." *Id.* at 3 (quoting *Schiller v. City of N.Y.*, 2007 WL 735010, at *3 (S.D.N.Y. 2007)). District courts in this circuit, however, generally will not strike the testimony of a witness whose role may not have been wholly revealed during the course of discovery. Rather, the focus is on whether the moving party is aware that the affiant is an individual with discoverable information. *See Brown v. Chertoff*, 2009 WL 50163, at *6 (S.D. Ga. 2009) (noting that moving party "was aware of the identities of [the declarants] during discovery and could have sought to depose them"); *Watts v. Hospitality Ventures, LLC*, 2008 WL 220798, at *2 (M.D. Ala. 2008) (denying motion to strike when "testimony at least made [the moving party] aware that [the witness] was a person with discoverable information"); *Hooker v. Fulton County, Ga.*, 2006 WL 2617142, at *4 (N.D. Ga. 2006) (denying motion to strike when "witnesses and documents had already been identified during discovery").

The affidavits of Messrs. Lott and Yearous were offered as evidence of contract negotiations with International Labor Management Corporation ("ILMC"). Prior to this, they were identified during depositions with other individuals. Specifically, Mr. Lott was identified as an individual who worked in Bland Farms' sales department in the deposition of Therese Bouwense.[4] Doc. # 127 at 9. The Court cannot say from this limited disclosure that Plaintiffs were alerted to the fact that Lott had discoverable information pertaining to contract negotiations with ILMC.[5] Because there is otherwise no indication that the exclusion of Mr. Lott from Defendants' Rule 26 disclosures was harmless or substantially justified, the Court strikes the affidavit of Sloan Lott. Doc. # 151.

In contrast to the limited identification of Mr. Lott in Ms. Bouwense's deposition, Mr. Yearous was identified with sufficient detail in the deposition of Michael Hively:[6]

Q: When I say [ILMC], do you know who I'm talking about?

A: Yes

Q: As you understand it, what has been Bland Farms['] relationship with them?

A: They were to oversee the documents that we needed to file with the Department of Justice and the Department of Labor, I guess, and to obtain a H[-]2A permit.

Q: Okay. And were you involved in the decision to hire them to do that?

A: They were already being used by Bland.

Q: Okay. Did you replace somebody when you came to Bland Farms?

A: Clark [Yearous].

---

[4] Ms. Bouwense is the accountant at Bland Farms. Doc. # 127 at 2.

[5] Defendants were probably aware of this shortfall as well. In response to Plaintiffs' motion to strike, Defendants state that the affidavits of Messrs. Lott and Yearous are admissible but then proceed to only discuss the identification of Mr. Yearous during the discovery process. *See generally* doc. # 217.

[6] Michael Hively is Bland Farms' Chief Financial Officer. Doc. # 127 at 13.

2

> Q: Had Mr. [Yearous] negotiated that arrangement?
>
> A: Yes.

Doc. # 121 at 18. From this exchange, Plaintiffs should have been aware that Mr. Yearous had discoverable information related to the topics testified to in his affidavit. Defendants were thus not required to identify Mr. Yearous in their Rule 26 disclosures, and the Court will not strike Mr. Yearous' affidavit simply because Plaintiffs neglected to depose him. Doc. # 152.

Lastly, as to Sharon Spell, Plaintiffs move to exclude her statement that "Georgia Legal Services had previously informed Bland Farms, LLC that it represented H-2A workers who later disclaimed any representation by [Georgia Legal Services]." Doc. # 182 at 6 (quoting doc. # 148 at 2). Plaintiffs concede that Ms. Spell's "knowledge regarding Bland Farms' pay practices did become known to Plaintiffs through the course of discovery," and she was accordingly deposed. *Id.* Plaintiffs, however, contend that it was unknown to them that "Ms. Spell had knowledge regarding prior complaints made by workers represented by Georgia Legal Services." *Id.* The Court disagrees. In contrast to Messrs. Clark and Yearous, Ms. Spell was thoroughly deposed by Plaintiffs' counsel. *See* doc. ## 125, 126 (collectively, the 403-page transcript of Ms. Spell's deposition). Plaintiffs were aware that Ms. Spell had some involvement in Bland Farms' bankruptcy and, consequently, may have handled claims from older FLSA matters. *See* doc. # 125 at 18 (discussing compilation of H-2A workers' proof of claim forms). Plaintiffs cannot claim unfair surprise, and the disputed paragraph in Ms. Spell's affidavit, doc. # 148 at 2, is admissible.

For the foregoing reasons, Plaintiffs' motion to strike is ***GRANTED*** in part and ***DENIED*** in part. Doc. # 182. The Court strikes the affidavit of Sloan Lott, doc. # 151, but finds admissible the affidavit of Clarke Yearous, doc. # 152, and paragraph seven of the declaration of Sharon Spell, doc. # 148 at 2.

This day of 14 June 2010

*/s/ B. Avant Edenfield*

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3