UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID OJEDA SANCHEZ, et al,

Plaintiffs,

v.   6:08-cv-96

BLAND FARMS, LLC, et al,

Defendants.

## ORDER

Before the Court is Defendant, Bland Farms, LLC's ("Bland") Motion to Exclude Testimony from Opt-in Plaintiffs Not Made Available for Deposition. *See* Doc. 294. Bland represents that Plaintiffs' counsel blocked its efforts to depose "the very witnesses" that Plaintiffs' counsel now seeks to present at trial. *See id.* at 3. Bland moves the Court to either prohibit these witnesses from testifying or order that Bland's counsel be given the opportunity to depose them. *See id.* Specifically, Bland refers to opt-in Plaintiffs Saul Hernandez Andablo ("Andablo"), Hugo Olvera Gonzalez ("H. Gonzalez"), Horacio Ruiz Rangel ("Rangel"), Odilon Antonio Camargo ("Camargo"), and Reyes Carlin Vidal ("Vidal"). *See id.*

Plaintiff Andablo filed his Notice of Consent to Sue, indicating that he would be an opt-in plaintiff against Bland, on December 16, 2008. *See* Doc. 10-1. Despite knowing that Andablo was an opt-in plaintiff for exactly two years before filing this motion, and eleven months before the close of discovery, Bland never noticed a deposition for him.

The discovery period closed on November 12, 2009. *See* Doc. 97. The parties requested, and the Court granted, an extension of the discovery period "for the sole purpose of expert witness depositions" to be taken after that date. *See* Docs. 97 at 2, 98.

After discovery closed, the other four opt-in plaintiffs named in this motion joined the suit. Camargo filed his Consent to Sue on November 19, 2009. *See* Doc. 100-1. H. Gonzalez filed his Consent to Sue on February 10, 2010. *See* Doc. 169-1. Vidal filed his Consent to Sue on March 25, 2010. *See* Doc. 215-1. Rangel filed his Consent to Sue on March 29, 2010. *See* Doc. 220-1.

The parties, however, were fully aware that plaintiffs could continue opting in until the time for filing a Consent to Sue expired on April 17, 2010. *See* Doc. 106 (Order setting opt-in deadline). The case was being tried as a collective action, *see* Doc. 51, and as of the date when Bland moved to extend the deadline to complete expert discovery, fifty-one (51) individuals had joined the suit as opt-in plaintiffs. Bland moved this Court to keep discovery open to depose experts, but decided to forego any opportunity to depose opt-in plaintiffs that entered the case after the close of discovery. *See* Doc. 97.

On September 27, 2010, Plaintiffs' counsel filed a joint Proposed Pretrial Order disclosing that Plaintiffs "may have present at trial the following witnesses." *See* Doc. 276 at 16. The proposed order then listed ninety-two (92) witnesses, including the five

opt-in plaintiffs that Bland now moves to exclude. *See id.* at 16-20.

Bland followed this disclosure with its present motion and directs the Court to an email exchange from May 2009 in which Plaintiffs' counsel, Dawson Morton, opposed Bland deposing opt-in plaintiffs. *See* Doc. 294-2 at 2. Bland's counsel responded, "[w]e are willing to voluntarily agree to limit the number of depositions, while the client initially contemplated pushing for 5 depositions, I am authorized to agree to do just three depositions of the following individuals: Luis Hernandez Hernandez, Pedro Hernandez Hernandez, and your affiant, Crecencio [sic] Hernandez Martinez." *See* Doc. 295-1. Contrary to Bland's representation, *see* Doc. 294 at 3, Plaintiffs' counsel did not block depositions of the "very witnesses" Bland has made the subject of this motion because it never sought to depose Andablo, H. Gonzalez, Rangel, Camargo, or Vidal.

Excluding the testimony of certain opt-in plaintiffs might be an appropriate sanction under Federal Rule of Civil Procedure 37(b) if Bland had obtained a court order compelling depositions, with which the opt-in plaintiffs failed to comply. But Bland never moved this Court for an order under Federal Rule of Civil Procedure 37(a) compelling depositions of any number of opt-in plaintiffs. Instead, Bland decided that it was in its interest to bargain with the plaintiffs and select a sub-group of the seventy-two (72) opt-in plaintiffs to depose. Bland selected three opt-in plaintiffs that did not include the parties named in this motion, *see* Doc. 295-1, and now seeks to change its bargain one month before trial and more than one year after the close of discovery.

Bland's motion is ***DENIED***.


This 12th day of January 2011.

/s/ B. Avant Edenfield
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA