UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID OJEDA SANCHEZ, et al.,

Plaintiffs,

v.    6:08-cv-96

BLAND FARMS, LLC,

Defendant.

## ORDER

Plaintiffs in this case are H-2A guest workers in Defendant Bland Farms's ("Bland") onion planting and harvesting operations. They assert several claims against Bland for violations of the Fair Labor Standards Act ("FLSA"), *see* 29 U.S.C. § 201 et seq, and for breach of contract.

The operative complaint in this action includes six claims for relief: (1) violation of FLSA minimum wage provisions; (2) breach of contract for failure to pay contract wage; (3) breach of contract for failure to pay transportation expenses; (4) violation of FLSA anti-retaliation provisions; (5) violation of contract anti-retaliation provisions; and (6) breach of contract for failure to pay federal minimum wage. *See* Doc. 119. These claims can be more generally categorized as wage claims and retaliation claims.

Plaintiffs' wage claims include five sub-issues: (1) whether Defendant properly recorded the start and end of work each day; (2) whether Defendant properly accounted for Plaintiffs' lunch time; (3) whether Defendant compensated Plaintiffs for the correct amount of time spent in orientation at the beginning of each season; (4) the amount of travel and immigration expenses to which Plaintiffs are entitled; and (5) the amount of the housing credit to which Defendant is entitled in the final calculation of compensation.

But even if Bland under-recorded Plaintiffs' hours, it may not have breached its FLSA or contractual obligations because Bland paid Plaintiffs on a piece rate and may have paid Plaintiffs more than the required contract or FLSA minimum wages.

As to transportation claims, Bland would not be liable for failing to reimburse expenses if the wages it paid, plus any wage credit, were higher than Plaintiffs' hours worked times the minimum wage plus these expenses. *See Morales-Arcadio v. Shannon Produce Farms, Inc.*, 2007 WL 2106188, at *2 (S.D. Ga. July 18, 2007).

Both parties submitted damages calculations to make these necessary comparisons, but each based their calculations on the facts as they argued them to exist. The Court adopts neither party's proposed factual findings or conclusions of law wholesale. Therefore, neither party's calculations are helpful to the court.

For this reason, the Court left evidence open at the conclusion of the bench trial and will allow both parties to supplement the record with their damages tabulations based on the Court's preliminary findings before the Court determines whether, and by how much, Bland breached either the FLSA or their contractual obligations.

The parties are ordered to submit amended calculations based on the following preliminary findings:

(1) Plaintiffs failed to prove their entitlement to any additional amount in damages for any hotel stay in Monterrey, Mexico;

(2) Plaintiffs failed to prove their entitlement to any additional amount in subsistence payments for their trips from their homes in Mexico to Bland;

(3) Plaintiffs failed to prove Bland willfully violated the FLSA;

(4) Plaintiffs are entitled to an additional one and one half (1.5) hours of compensable time in each season in which they worked at Bland for the total time spent in orientation sessions;

(5) Plaintiffs are entitled to an additional thirty (30) minutes of compensable field working time per week for time they worked either before Bland began their recorded time or after Bland stopped their recorded time;

(6) Plaintiffs for whom Bland automatically deducted one hour for lunch are entitled to an additional forty-five (45) minutes per day of compensable time;

(7) Bland is entitled to take a forty-two dollar ($42) per week per plaintiff housing credit for the housing it provided Plaintiffs; and

(8) Bland proved it acted in good faith such that liquidated damages will not be assessed.

Taking the foregoing findings of fact into consideration, the amended calculations shall reflect the following:

(1) Contract Damages, not including first work week wages:

Contract Wages (Hours x AEWR) – Amount paid = Unpaid Contract Wages.

Unpaid Contract Wages + Interest = Contract Damages.

(2) FLSA Damages, not including first work week wages:

Minimum Wages Owed (Hours x Minimum Wage) – Amount paid – $42 housing credit per week = FLSA Damages.

(3) First Week's Damages (which is the same for contract claims and FLSA claims because Plaintiffs define the contract breach as Defendant's failure to abide by the FLSA):

First week's FLSA Wage Damages + bus fare + immigration expenses – Amount paid = First Week's Damages.

To ensure that the parties understand the Court's direction and strictly adhere to it, the Court is attaching to this order a document setting out the headings Plaintiffs are to use in creating spreadsheets in response to this order.

Each season will have three spreadsheets that correspond to the calculations outlined

2

above, titled Contract Damages, FLSA Damages, and First Week's Damages. In addition, one spreadsheet will be completed that covers all seasons, titled Damages Election and Total. The Damages Election and Total spreadsheet is to include a separate entry for each season that each Plaintiff claims damages. For example, one Plaintiff may have five consecutive entries under his name if he worked for five different seasons. These seasons shall then be added together to show a subtotal for each Plaintiff's damages. The spreadsheet will also include a grand total of all damages for all Plaintiffs.

Plaintiffs are ordered to file amended damages calculations within ten (10) days of the date of this order. Bland is ordered to submit its response within ten (10) days of Plaintiffs' filing. The Court will not accept any replies. The parties are cautioned to provide the Court with only the information requested, and not to use their respective filings to continue legal or factual argument.

This 25th day of April 2011.

_____
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

## Contract Damages

| Plaintiff | Workweek End Date | Hours worked | Contract Wages Owed (Hours x AEWR) | Amount Paid | Unpaid K Wages (K Wages - Amount Paid) | Interest on Unpaid K Wages | Total K Damages with Interest |
|---|---|---|---|---|---|---|---|
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## FLSA Damages

| Plaintiff | Workweek End Date | Hours worked | Minimum Wages Owed (Hours x minimum wage) | Amount Paid | Housing Credit | FLSA Damages: Minimum Wages Owed - Amount Paid - Housing Credit |
|---|---|---|---|---|---|---|
| | | | | | $42 | |
| | | | | | $42 | |
| | | | | | $42 | |
| | | | | | $42 | |

## First Week's Damages

| Plaintiff | Workweek End Date | Hours worked | Minimum Wages Owed (Hours x minimum wage) | Amount Paid | Housing Credit | FLSA Wage Damages: Minimum Wages Owed - Amount Paid - Housing Credit | All Bus Fare | All compensable Immigration Expenses* | First Week's Damages: FLSA Wage Damages + Bus Fare + Immigration - Amount Paid |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | $42 | | | | |
| | | | | | $42 | | | | |
| | | | | | $42 | | | | |
| | | | | | $42 | | | | |

\* Includes Banamex Fee, Visa Fee, and I-94 fee. See Doc. 264 at 9-14.

## Damages Election and Total

| Plaintiff | Season | Contract Damages | FLSA Damages | Election | First Week's Damages | Total Damages: (Either FLSA or Contract Damages + First Week's Damages) |
|---|---|---|---|---|---|---|
| P1 | Spring 2006 | | | | | |
| P1 | Fall 2006 | | | | | |
| P1 | Spring 2007 | | | | | |
| P1 Subtotal | | | | | | |
| P2 | Spring 2005 | | | | | |
| Grand total | | | | | | |