IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| DAVID OJEDA-SÁNCHEZ, et al., and all others similarly situated, | : : : : |
| Plaintiffs, | : : |
| v. | : CIVIL ACTION NO. 6:08-cv-96 : |
| BLAND FARMS, et al, | : : |
| Defendants. | : : |

PLAINTIFFS' RESPONSE TO
DEFENDANT'S APPEAL FROM CLERK'S TAXATION OF COSTS

Rule 54(d) sets forth a presumption that "costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Supreme Court has made clear that a prevailing party is the "'party in whose favor a judgment is rendered, regardless of the amount of damages awarded[.]'" *Buckhannon Bd. & Care Home, Inc. v. W. Vir. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001) (quoting Black's Law Dictionary 1145 (7th ed. 1999)). The Eleventh Circuit has repeatedly reaffirmed that judgment does not need to be obtained on all claims for a party to prevail. "Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) (citation omitted); *Lipscher v. LRP Publs., Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (noting that the definition used by *Head* "is well-established in this circuit."). To overcome the presumption that costs be awarded, it is the losing party's burden to identify specific grounds to justify lessening or denying costs. *Gilchrist v. Bolger*, 733 F.2d 1551,

1556-1557 (11th Cir. 1984) (noting that a "prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption."); *see also* 10 Wright & Miller, *Fed. Practice and Procedure* § 2668 (3d ed. 1998) ("The burden is on the unsuccessful party to show circumstances that are sufficient to overcome the presumption in favor of the prevailing party").

Here, Plaintiffs obtained a judgment of $13,080. Doc. 339.[1]  Despite this judgment in Plaintiffs' favor, Defendant attempts to claim that "both parties can be characterized as the 'prevailing party.'" Doc. 344 at 2.  Defendant's position conflicts with the definition of prevailing party established by the Supreme Court and the Eleventh Circuit that "the litigant in whose favor judgment is rendered is the prevailing party[.]" *Head*, 62 F.3d at 354; *accord Buckhannon Bd. & Care Home, Inc.*, 532 U.S. at 603.  Defendant's citation to *C&E Servs. v. Ashland, Inc.* does not support its position either as that suit involved cross-claims with each litigant prevailing on some claims. 601 F. Supp. 2d 262, 279 (D.D.C. 2009) (noting that "both Ashland and C&E could conceivably be considered to be prevailing parties because judgment was entered in favor of each of them.").  Defendant here had no counterclaims and so could not prevail on them, and thus *C & E Servs.* is not applicable here.

Defendant also claims, mistakenly, that where a plaintiff did not prevail on all claims courts "leave each party to bear its own costs." Doc. 344 at 3.  Defendant's position conflicts with Eleventh Circuit precedent that "support[s] shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." *Head*, 62 F.3d at 354.  While Plaintiffs did

---

[1] Plaintiffs prevailed on two of their six claims, including the most significant claim that Defendant had not recorded, nor paid, Plaintiffs for all hours worked.  Doc. 331 at 14-15; 18.

not win all issues, "a district court's award of costs should not depend on who wins the various battles preceding final judgment." *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 446 (7th Cir. 2007); *Rodriguez v. Handy*, 873 F.2d 814, 817 (5th Cir. 1989) (noting that prevailing party "refers to prevailing at the time of final judgment, not to winning a single round."); *Doré Energy Corp. v. Prospective Inv. & Trading Co.*, 270 F.R.D. 262, 266 (W.D. La. 2010) (same). Again, Defendant's legal citation provides no support for its argument. In *Dorsey v. Academy Mov. & Stor.*, relied on by Defendant, the entirety of the circuit court's decision on costs is: "The district court disallowed defendants' motion to tax costs to the plaintiff; rather, each party was directed to bear its own cost. In this we find no error." 423 F.2d 858, 862 (5th Cir. 1970). There is no discussion as to why the district court declined to tax costs and thus no support for Defendant's proposition that the case holds no costs should be awarded where a party has won and lost various issues. *Compare* Doc. 344 at 3. Moreover, the circuit court vacated two decisions by the district court, effectively mooting the cost issue, as the case was remanded for further proceedings. *Dorsey*, 423 F.2d at 861-2.

Defendant's claim that costs should be apportioned is also without sound legal support. "[T]here is no rule requiring courts to apportion costs according to the relative success of the parties." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006). For costs to be apportioned there must be reason to penalize the prevailing party and Defendant's brief points to no such reason. *Zeran v. Diamond Broad., Inc.*, 203 F.3d 714, 722 (10th Cir. 2000) ("The penalty of denial or apportionment of costs under Rule 54(d) should be imposed only for acts or omissions on the part of the prevailing party in the actual course of the litigation . . . ."); *Walters v. Roadway Express, Inc.*, 557 F.2d 521, 526 (5th

Cir. 1977) (holding that denial of costs is in "the nature of a penalty for some defection on [the prevailing party's] part in the course of the litigation."). Here, Defendant never made a settlement offer, nor made a counteroffer to Plaintiffs' settlement offers. Defendant's only attempt to resolve this suit was to send their supervisors to Mexico to prevent the suit from even going forward. *Ojeda-Sanchez v. Bland Farms, LLC*, 600 F. Supp. 2d 1373, 1379 (S.D. Ga. 2009) (finding Defendants' "unilateral and unsolicited communications" with plaintiffs "coercive"); Tr. Trans. Vol. II at 51:1-25. Thus, the indigent farmworker plaintiffs did not unnecessarily prolong the suit as no recovery for Plaintiffs' unpaid wages was possible without trial.

Defendant's sole citation for apportioning costs is to a two-paragraph former Fifth Circuit opinion, *Globe Life*. Doc. 344 at 3. *Globe Life* has no application here because that opinion involves the taxation of appellate costs pursuant to Fed. R. App. P. 39. *Globe Life & Acci. Ins. Co. v. Still*, 402 F.2d 295, 296 (5th Cir. 1968) (taxing the "costs of the original appeal" and directing "the costs of this appeal are taxed against the appellant"). Appellate Rule 39 does not use a "prevailing party" standard and permits, where an appeal has mixed results, for the appellate court to tax appellate costs as it orders. Fed. R. App. P. 39(a)(4). It has no application to interpretation of Fed. R. Civ. P. 54 and the case has never been cited to interpret Rule 54. *See Universal Amusement Co. v. Vance*, 587 F.2d 159, 173 (5th Cir. 1978) (citing *Globe Life* solely for the proposition that appellate courts can tax appellate costs).

The Clerk's entry of costs should be upheld.

Respectfully submitted this 8th day of September, 2011,

  s/ Dawson Morton

              Dawson M. Morton
              Georgia Bar No. 525985
              Leah Lotto
              Georgia Bar No. 940599
              GEORGIA LEGAL SERVICES
              104 Marietta Street NW, Suite 250
              Atlanta, GA  30303
              Phone:  (404) 463-1633
              Fax:     (404) 463-1623

              Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I have on this 8th day of September, 2011, electronically filed with the Clerk of the Court the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT'S APPEAL FROM CLERK'S TAXATION OF COSTS.  The Court using the CM/ECF system will send notification of such filing to the following:

>Timothy Harden III
>Taylor, Odachowski, Sperry & Crossland, LLC
>P.O. Box 24028
>St. Simons Island, GA 31522
>
>Wiley A. Wasden III
>William Dillard
>Brennan and Wasden, LLP
>P.O. Box 8047
>Savannah, GA 31412
>
>Attorneys for Defendants

__s/ Dawson Morton __
Attorney for Plaintiffs
