UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

DAVID OJEDA SANCHEZ, et. al.,

Plaintiffs,

v.                    6:08-cv-96

BLAND FARMS, LLC,

Defendant.

## ORDER

On July 18, 2011, the Court entered judgment in favor of Plaintiffs in the amount of thirteen thousand eighty dollars and eighteen cents ($13,080.18). See Doc. 339. On the same day, Plaintiffs filed their Bill of Costs, seeking an award of $20,458.42. See Doc. 340. On August 17, 2011, the clerk taxed $20,458.42 in costs and fees against Defendant Bland Farms, LLC ("Bland"). See Doc. 342. Before the Court is Bland's "Notice of Appeal from Clerk's Taxation of Costs" ("Appeal of Taxation of Costs") filed on August 22, 2011. See Doc. 344.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action." FED. R. CIV. P. 54(d)(1).

At the outset, the Court notes that Bland's appeal is timely as Bland filed its appeal five days after the clerk's taxing of costs. See Docs. 342; 344.

In essence, Bland argues that because Plaintiffs were only partially successful on the merits and recovered a lesser amount in damages than the costs incurred, the Court should leave both parties to bear their own costs. See Doc. 344 at 3. In the alternative, Bland argues that if costs are taxed against it, then costs should be apportioned according to the percentage of claims in which Plaintiffs prevailed. Id. Notably, Bland does not contest any of the specific items listed in Plaintiffs' Bill of Costs. See Doc. 340.

"[T]he prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome that presumption . . . ." Gilchrist v. Bolger, 733 F.2d 1551, 1557 (11th Cir. 1984). A court must articulate a sound basis for denying a prevailing party its costs. See id. The trial court does not have unfettered discretion because "denial of costs is in the nature of a penalty. . . ." Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000).

"A party who has obtained some relief usually will be regarded as the prevailing party even though he has not sustained all his claims. . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced." Head v. Medford, 62 F.3d 351, 354 (11th Cir. 1995) (citation omitted).

Because the Court entered judgment in favor of Plaintiffs on at least one of their claims of relief, see Docs. 331 at 18; 339, Plaintiffs are the prevailing party for the purposes of Fed. R. Civ. P. 54(d).

The Court maintains discretion in which to award costs to Plaintiffs. Courts have identified a number of factors that they may consider such as the prevailing party's unclean hands, bad faith, dilatory tactics or failure to comply with process, and the losing party's indigency or inability to pay. *See, e.g., In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 468 (3d Cir. 2000); *see also Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (holding that costs may be denied because of "misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources"); *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 592-93 (9th Cir. 2000). The Eleventh Circuit has stated, however, that good faith and limited resources alone were not enough to overcome "strong presumption" in favor of awarding costs. *Pickett v. Iowa Beef Processors*, 149 F. App'x 831, 832 (11th Cir. 2005).

Some courts have also considered the nature of the prevailing party's recovery in determining whether to award costs. *See Richmond v. Southwire Co.*, 980 F.2d 518, 520 (8th Cir. 1992) ("An award of costs may be reduced or denied because the prevailing party obtained only a nominal victory, or because the taxable costs of the litigation were disproportionate to the result achieved."); *White & White, Inc. v. Am. Hosp. Supply Co.*, 786 F.2d 728, 730 (6th Cir. 1986); *see also Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1234 (10th Cir. 2001) ("[S]ome courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success."). *But see Lipscher v. LRP Publ'ns, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (upholding district court's refusal to diminish award of costs in light of nominal victory of plaintiff).

Bland has alleged neither that Plaintiffs engaged in misconduct or dilatory tactics during the litigation process, nor that it is financially unable to pay the costs. In addition, Plaintiffs won more than nominal damages at trial. *See* Docs. 331; 339. Moreover, the *Head* court stated that "a party need not prevail on all issues to justify a full award of costs." *Head*, 62 F.3d at 354. Regardless, "the Eleventh Circuit has made it clear that costs may be denied to a prevailing party only to penalize the prevailing party for some misconduct on its part during the litigation." *Fla. Keys Citizen Coal., Inc. v. U.S. Army Corps of Eng'rs*, 386 F. Supp. 2d 1266, 1268-69 (S.D. Fla. 2005).

Likewise, the Court declines to apportion the costs. "[T]here is no rule requiring courts to apportion taxable costs based on the relative success of the parties." *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1348 (Fed. Cir. 2006).

Therefore, the Court finds that Plaintiffs are entitled to costs. In assessing costs, the Court is bound within the parameters of 28 U.S.C. § 1920. *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001). The Court, however, "must determine that the costs claimed were necessary and the amount claimed is reasonable." *Copely v. Super. Logistics Alt., Inc.*, 2011 WL 1165476, at *5 (M.D. Ala. Mar. 30, 2011). Bland failed to file

2

objections to the specific items in Plaintiffs' Bill of Costs. *See* Docs. 344; 349. Before determining the award of costs, the Court directs that Bland file objections it may have to the specific items or amounts listed in the Bill of Costs.

***BLAND HAS SEVEN (7) DAYS FROM THE DATE OF THIS ORDER TO FILE SPECIFIC ITEMIZED OBJECTIONS TO PLAINTIFFS' BILL OF COSTS. PLAINTIFFS ARE ORDERED TO SUBMIT THEIR RESPONSE WITHIN SEVEN (7) DAYS OF BLAND'S FILING.*** The Court will not accept any replies.

This 27th day of September 2011.

*[signature]*
B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA