**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

DAVID OJEDA-SANCHEZ, et al., and
others similarly situated,

Plaintiffs,

v.                         6:08-cv-96

BLAND FARMS, et al.,

Defendants.

### ORDER

### I. INTRODUCTION

Plaintiffs in this class-action lawsuit move the Court for attorney's fees and costs under the Fair Labor Standards Act ("FLSA"). ECF No. 371. The Plaintiffs have provided the Court with a proposed lodestar calculation based upon hours worked and comparable legal billing rates. EFC Nos. 375; 375-1. Defendants ("Bland") argue that the proposed attorney's fees are unreasonable in light of the limited recovery by the plaintiffs measured against the original damages demand. ECF No. 379. This Court agrees that Plaintiffs are entitled to attorney's fees, but the lodestar calculation must be reduced because of the Plaintiffs' limited results in the suit. The Court *GRANTS IN PART* attorney's fees to Plaintiffs in the amount of $90,288.

This protracted dispute is rather complicated, and the Court has already occupied much paper with the relevant facts. *See* ECF No. 331 at 1-6; *see also* ECF No. 360 at 4-5 (abbreviated facts from United States Court of Appeals opinion). This

order examines the procedural background of the case as is necessary to properly calculate the fee award. The Court then evaluates the lodestar as proposed by Plaintiffs and discusses its reasoning for reduction, taking into consideration Bland's arguments.

### II. PROCEDURAL BACKGROUND

After years of discovery, this case went to bench trial in February, 2011. *See* ECF No. 365. The Plaintiffs appealed the Court's ruling and the Court of Appeals remanded the case for the purpose of recalculation of damages. *See* ECF No. 360 at 17. The Court ultimately awarded Plaintiffs $18,923.53. ECF No. 372. Of this amount, $2,543.16 is FLSA recovery. ECF No. 383 at 3. Plaintiffs initially claimed $110,352.44 in FLSA damages. ECF No. 379 at 2 n.1.

### III. ANALYSIS

The Eleventh Circuit prescribes the lodestar method for calculating attorney's fees for prevailing plaintiffs. *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar "is calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate." *James v. Wash Depot Holdings, Inc.*, 489 F. Supp. 2d 1341, 1346 (S.D. Fla. 2007). A court may then adjust this lodestar calculation upward or downward depending on the "results obtained" by the attorney. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Court first evaluates Plaintiffs' lodestar calculation and then provides for a downward adjustment of the calculation in light of the limited results obtained, as well

as the imprecision of Plaintiffs' attorney, Dawson Morton's, block billing records.

## A. Calculation of the Lodestar

Plaintiffs bear the burden of establishing reasonable billable hours and a reasonable hourly rate. *Hensley*, 461 U.S. at 437. That said, "[t]he determination of reasonableness lies in the sound discretion of the trial court." *James*, 489 F. Supp. 2d at 1346. Plaintiffs ask for $225,720 in fees based upon 820.8 hours of work at an hourly rate of $275. ECF No. 375 at 5, 10.

### 1. *Number of Hours Expended*

Mr. Morton provides the Court with line-item records for his work in this case. ECF No. 375-1 at 6-75. Mr. Morton's gross time expended on this case totals 1601.5 hours. *Id.* at 75. Mr. Morton has eliminated time related to clerical tasks, certain motions, and the appeal to request a lodestar based upon a net calculation of 820.8 hours. *Id.*; ECF No. 375 at 6.

Bland objects to Mr. Morton's block entries because they do not separate out time for work on FLSA claims and non-FLSA claims. *Id.* at 8.

Courts recognize two forms of objections to hourly billing calculations. *See James*, 489 F. Supp. 2d at 1348-49 (classifying objections of defendant as specific and generalized). A specific objection attacks a line item as unrelated or unnecessary to an FLSA claim. *See id.* at 1348 (noting objections to billing entries because the attorney was working on non-FLSA unemployment claims and the redundancy of the presence of a second plaintiff's attorney at trial). A general

objection goes to the specificity of billing records. *Id.* at 1348. This form of general objection is difficult to itemize and deduct, so a court may merge valid general objections with consideration of reduction of the lodestar. *Id.*

Here, the Court appreciates Mr. Morton's deduction of hours for non-qualifying time. The Court also recognizes that separating out time for work on FLSA claims and work on non-FLSA claims may be impractical. For example, in a trial, it may be impossible to say what percentage of a half-hour opening argument is allocated to FLSA claims. Even so, the Court finds merit in Bland's argument.

This case had multiple issues, some FLSA and some non-FLSA. *See* ECF No. 331 at 17. Inevitably, using Mr. Morton's block recording method, some billable time would be devoted to non-FLSA claims. Again, because this form of general objection is difficult to itemize and deduct, the Court will merge its consideration with that of the limited results of the plaintiff in a downward lodestar calculation later in this order.

### 2. *Hourly Rate*

Mr. Morton presents an hourly rate of $275 for his work. ECF No. 375 at 5. Bland does not directly dispute this rate, but rather attacks the overall award of attorney's fees as unreasonable. ECF No. 379 at 9.

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. "Evidence of rates may be adduced through

2

direct evidence of charges by lawyers under similar circumstances or by opinion evidence." *Id.*

Plaintiffs provide the Court with both types of evidence in this case. The Court finds the affidavit of Mr. Wade W. Herring, II alone to be sufficient evidence of reasonableness for Mr. Morton's work. ECF No. 375-5. Mr. Herring is an experienced Savannah employment law attorney. *Id.* at 2. He previously served as a judicial clerk of this Court, Judge Dudley H. Bowen, Jr. *Id.* Mr. Herring's practice generally involves the defense of employment claims, including FLSA and other wage-hour claims. *Id.* at 3. It is his opinion that a fee of $275 per hour for Mr. Morton's work is reasonable. *Id.* at 4-5. The Court holds that Plaintiffs have met their burden to prove that $275 is a reasonable hourly rate.

The Court calculates the initial lodestar to be $225,720: 820.8 hours at a rate of $275 per hour. The Court now considers a downward adjustment of the lodestar.

## B. Adjustments for the Results Obtained

The United States Supreme Court has recognized a district court's discretion to adjust the lodestar calculation up or down. *Hensley*, 461 U.S. at 434. "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment." *Id.* at 436-37.

Bland presents two valid arguments. First, as discussed above, it objects to the recordkeeping precision of Mr. Morton's billable hours. ECF No. 379 at 8. Under the FLSA, "the burden is on the fee applicant to maintain billing records 'in a manner that will enable a reviewing court to identify distinct claims.'" *James*, 489 F. Supp. 2d at 1352 (quoting *Hensely*, 461 U.S. at 437). Mr. Morton has failed to meet this burden. This failure justifies a downward adjustment.

Next, Bland argues that Plaintiffs only obtained fractional success. *Id.* at 2, 2 n.1. Indeed, Plaintiffs claimed $110,352.44 in FLSA damages and only recovered $2543.16, about 2.3% of that sought.

The Court merges the concerns to determine the proper lodestar reduction. *See James*, 489 F. Supp. 2d at 1351-52 (merging similar concerns to calculate a lodestar reduction). The Court holds that the circumstances warrant a 60% reduction in the lodestar calculation. The Court bases its opinion on both precedent and numerical reasoning.

In *James*, the court reduced a lodestar by 50% under similar circumstances. *Id.* at 1353. The plaintiff there only recovered $3,493.62 in damages of the over $600,000 that he initially sought, or about 0.5%. *Id.* The defendant also raised a similar challenge to the precision of the plaintiff's attorney's billing records. *Id.* at 1349, 1351-52.

In *Popham v. City of Kennesaw*, 820 F.2d 1570, 1578, 1580 (11th Cir. 1987), the Court of Appeals upheld a 67% reduction of lodestar calculation when the plaintiff only

3

received $30,000 in damages of the $2,000,000 initially sought, or 1.5%.

The Court considered a greater reduction of the lodestar in the case at hand in light of the 2.3% recovery of FLSA damages sought. However, the Court recognized some non-monetary success from this case. For example, the lawsuit effected a change in Bland's accounting practices, resulting in an increase in pay for current Bland workers. ECF No. 375 at 10. The Court considered this value in choosing to only reduce the lodestar by 60%.

## IV. CONCLUSION

The Court **GRANTS IN PART** Plaintiffs' motion for attorney's fees and **ORDERS** the Clerk to enter judgment in favor of Plaintiffs in the amount of $90,288.

The Clerk is **ORDERED** to terminate ECF Nos. 371 and 375.

This 16 day of October 2013.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4